FILED
United States Court of Appeals
Tenth Circuit

January 23, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

DANA SCOTT COOPER,

      Petitioner-Appellant,

v.

STATE OF WYOMING; WYOMING
ATTORNEY GENERAL,

      Respondents-Appellees.

No. 08-8078

(D.C. No. 07-CV-296-D)
(D. Wyoming)

### ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

      Dana Cooper, a Colorado state prisoner appearing pro se, seeks a certificate of

appealability (COA) in order to challenge the district court's denial of his 28 U.S.C. §

2254 application for federal habeas relief. Because Cooper has failed to satisfy the

standards for the issuance of a COA, we deny his request and dismiss the matter.

I.

      On December 21, 2005, Cooper pled guilty, pursuant to a plea agreement, to one

count of felony larceny in Wyoming state district court. On that same date, the Wyoming

state district court sentenced Cooper to six to eight years' imprisonment, but suspended

---

      [*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel.

the term of imprisonment pending Cooper's completion of five years of supervised probation and payment of restitution. Although Cooper initially sought to appeal his conviction, his counsel ultimately filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating there were no appealable issues to be found. On January 25, 2007, the Wyoming Supreme Court affirmed the judgment and sentence of the state district court.

On April 3, 2007, the Wyoming Department of Corrections (WDC) moved the Wyoming state district court to discharge Cooper from his Wyoming term of probation. In support of its request, the WDC indicated that Cooper was being held by the Colorado Department of Corrections in its Sterling, Colorado, correctional facility following his conviction on Colorado state charges. The Wyoming state district court granted the WDC's motion that same day and thereby released Cooper from probation.

On November 16, 2007, Cooper, while still in the custody of the Colorado Department of Corrections, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the District of Wyoming seeking to challenge his Wyoming state larceny conviction. The State of Wyoming moved to dismiss Cooper's petition arguing, in pertinent part, that Cooper was not "in custody" pursuant to the conviction he sought to challenge. On September 15, 2008, the district court granted the State of Wyoming's motion and dismissed Cooper's petition with prejudice.

Cooper has since filed a timely notice of appeal, as well as an application for

2

COA.

II.

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, a state prisoner may appeal from the denial of federal habeas relief under 28 U.S.C. § 2254 only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1)(A). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make that showing, a prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

After carefully reviewing Cooper's appellate pleadings and the record on appeal, we conclude he has failed to establish that reasonable jurists could debate whether his habeas petition should have been resolved in a different manner by the district court. As the district court correctly noted, in order to meet § 2254's jurisdictional requirements, Cooper was required to be "in custody" under the conviction he was seeking to attack at the time his habeas petition was filed. Maleng v. Cook, 490 U.S. 488, 490-91 (1989). Because Cooper was not "in custody" under his Wyoming state conviction (the term of probation associated with that conviction having previously been discharged by order of the Wyoming state district court), the district court lacked jurisdiction over Cooper's

3

federal habeas action.

We therefore DENY Cooper's request for a COA and DISMISS the matter.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

4